IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY SANDIFER, <br>     Plaintiff, | ) <br> ) <br> ) |
| vs. | ) CASE NO.: 1:23-cv-1727 <br> ) <br> ) |
| BOWEN ENGINEERING CORPORATION, <br>     Defendant. | ) <br> ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action brought by Plaintiff, Timothy Sandifer ("Sandifer"), by counsel, against Defendant Bowen Engineering Corporation ("Defendant"), for its discriminatory and retaliatory actions, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq.

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 USC §1331, §1343; and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII").

2. Plaintiff filed an EEOC Charge of Discrimination against Defendant in December 2022. On June 29, 2023, the EEOC issued a Notice of Right to Sue. This Complaint and Demand for Jury is being timely filed within 90 days of Plaintiff's receipt of the EEOC notice.

3. Venue is proper in the Southern District of Indiana, Indianapolis, Division, as the transactions occurred in Montgomery County and Defendant's principal place of business is in Marion County, all within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

1

## II. PARTIES

4. Plaintiff, Sandifer, was an employee of Defendant working in Crawfordsville, Indiana.

5. Defendant is a general contractor that provides nationwide industrial water construction services.

6. Defendant's principal place of business is 8802 N. Meridian Street, Indianapolis, IN, 46260.

7. Defendant is an employer as that term is defined in Title VII.

## III. FACTUAL ALLEGATIONS

8. Sandifer, an African-American man, was hired by Defendant as a laborer in June 2022.

9. The local union referred Sandifer to the Defendant as an employee.

10. At all relevant times, Sandifer was the only African-American laborer at his jobsite.

11. On July 5, 2022, Sandifer was on his cell phone during a break.

12. On July 5, 2022, Sandifer was informed that he was being laid off because he was on his cell phone.

13. Other similarly-situated Caucasian employees were frequently on their cell phones during work times, with no consequences.

14. A supervisor assured Sandifer that it was just a lay-off, as opposed to a termination (which could make him less likely to be assigned to union jobs in the future).

15. On July 6, 2022, Sandifer filed a union grievance based on race discrimination.

16. On July 7, 2022, Defendant sent an employee to Sandifer's home to deliver a termination letter.

17. The termination letter was backdated to July 5, 2022, and listed numerous false allegations of misconduct, which would support Sandifer's termination.

18.     Sandifer has suffered, and continues to suffer damages as a result of Defendant's unlawful conduct.

## IV. LEGAL ALLEGATIONS

### COUNT I- RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

19.     Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-18, as though stated herein.

20.     Defendant violated Title VII when it treated Plaintiff less favorably than similarly situated Caucasian employees.

21.     Defendant violated Title VII by subjecting Plaintiff to different terms and conditions of employment due to his race.

22.     Defendant discriminated against Plaintiff due to his race.

23.     Plaintiff was laid off and terminated due to his race.

24.     Plaintiff was retaliated against due to his race.

25.     Defendant's actions were intentional, willful, and taken in reckless disregard of Plaintiff's legal rights as protected by Title VII.

26.     Plaintiff has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II- RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

27.     Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-26 as though set forth herein.

28.     Plaintiff engaged in protected activity when he made prior complaints of discrimination against Defendant.

29. Defendant retaliated against Plaintiff when it converted his lay-off to a termination.

30. Defendant retaliated against Plaintiff because he engaged in protected activity.

31. Defendant's actions were intentional, willful, and taken in reckless disregard of Plaintiff's right to be free from retaliation.

32. Plaintiff has and continues to suffer harm as a result of Defendant's unlawful actions.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Timothy Sandifer, by counsel, does hereby request the following as relief:

1. Enter judgment in favor of Plaintiff;

2. Award lost wages, front pay, and associated benefits due to the denial of Plaintiff's statutory rights;

3. Award compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Award compensatory damages;

5. Award liquidated damages;

6. Award punitive damages

7. Require Defendant to rescind Plaintiff's termination;

8. Award all costs and attorney's fees incurred as a result of pursing this action;

9. Award pre- and post-judgment interest in all sums recoverable; and

10. Award all other legal and/or equitable relief this Court deems just and proper.

                                  Respectfully submitted,
                                  CURLIN & CLAY LAW,
                                  ASSOCIATION OF ATTORNEYS

                                  *s/Robin C. Clay*
                                  _____
                                  Robin C. Clay, 22734-49
                                  8510 Evergreen Ave. Suite 200
                                  Indianapolis, IN  46240
                                  Telephone (317) 202-0301
                                  Facsimile (317) 282-0688
                                  E-mail: rclay@curlinclaylaw.com

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a jury trial as to all issued deemed triable.

                                  Respectfully submitted,
                                  CURLIN & CLAY LAW,
                                  ASSOCIATION OF ATTORNEYS

                                  *s/Robin C. Clay*
                                  _____
                                  Robin C. Clay, 22734-49
                                  8510 Evergreen Ave. Suite 200
                                  Indianapolis, IN  46240
                                  Telephone (317) 202-0301
                                  Facsimile (317) 282-0688
                                  E-mail: rclay@curlinclaylaw.com